**FRANKLIN KNITTING MILLS, Inc., v. GROPPER KNITTING MILLS, Inc.**

(District Court, S. D. New York. July 7, 1925.)

**I. Patents ⬅43—Design must possess "novelty" in the eyes of average observers.**

The question of novelty of a design, which will sustain a patent therefor, is a matter of appearance to the eyes of average observers.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Novelty.]

**2. Patents ⬅328—Design 43,459, for necktie, held void for lack of invention.**

The Kelner & Worms design patent, No. 43,459, for design for knitted necktie, *held* void for lack of invention.

In Equity. Suit by the Franklin Knitting Mills, Inc., against the Gropper Knitting Mills, Inc. Decree for defendant.

Harold R. Lhowe, of New York City (Edward M. Evarts, of New York City, of counsel), for plaintiff.

C. Andrade, Jr., of New York City, for defendant.

WINSLOW, District Judge. This action involves the design patent No. 43,459. The patent in suit was issued January 21, 1913, to J. Kelner and S. Worms, as a design for a knitted necktie. The application was filed August 1, 1912. The patent in suit was assigned to the plaintiff corporation.

The only claim in the patent is "the ornamental design for a knitted necktie as shown." Reference to the design drawing shows the conventional ends of a necktie with the tips thereof rounded, instead of pointed, and the edges of these ends slightly concave toward the rounded tip. These edges at the end are said by the witnesses to be provided with a "merrowed edge" or border.

[1] A design patent must possess novelty, as with any other patentable subject-matter, and the question of novelty of design is a matter of appearance to the eyes of average observers, as between that design and other prior designs. Novelty cannot be predicated upon the comparative appearance in the eyes of experts making analytical inspections, nor upon opinion evidence of interested parties.

[2] I cannot find that the design patent in issue indicates the exercise of any inventive faculty whatever. Even if the design patent were held valid (which I do not hold), it is doubtful if the defendant's product would be an infringement.

Decree for defendant.